## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE:<br>COMFORT KANI THOMPSON<br>    Debtor<br>_____<br>U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X<br>    Movant<br>v.<br>COMFORT KANI THOMPSON<br>    Debtor/Respondent<br>and<br>STEVEN H. GREENFELD<br>    Trustee/Respondent | Case No. 18-22188-LSS<br><br>Chapter 7 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

    U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, with respect to certain real property of the Debtor having an address of 14938 Finegan Farm Drive, Germantown, MD 20874 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

    1.    A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on September 13, 2018.

    2.    The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $1,589,790.00 (the "Note").  A copy of the Note is attached hereto.

    3.    Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by the Property.  The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Montgomery County, Maryland.  A copy of the recorded Deed of Trust is attached hereto.

    4.    Effective on or about November 1, 2008, the terms of the note and Deed of Trust were modified by a written agreement (the "Loan Modification Agreement"). A copy of the Loan Modification Agreement is attached hereto.

5. As of September 17, 2018, the estimated outstanding Obligations are:

| | |
|---|---:|
| Unpaid Principal Balance | $914,675.39 |
| Unpaid, Accrued Interest | $101,817.22 |
| Uncollected Late Charges | $0.00 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $99,362.93 |
| Other Costs | $1,015,901.40 |
| Less: Partial Payments | $-1,822.67 |
| Minimum Outstanding Obligations | $2,129,934.27 |

6. The following chart sets forth the number and amount of contractual payments due pursuant to the terms of the Note that have been missed by the Debtor as of September 17, 2018.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 51 | 09/01/2013 | 11/01/2017 | $4,326.81 | $220,667.31 |
| 10 | 12/01/2017 | 09/01/2018 | $4,780.48 | $47,804.80 |
| Less contractual partial payments (suspense balance): | | | | $-1,822.67 |

**Total Contractual Payments:**     **$266,649.44**

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof; in connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $181.00 in costs.

8. The estimated market value of the Property is $1,468,200.00. The basis for such valuation is the the Tax Assessment. The Tax Assessment is attached hereto.

9. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

(b) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For such other relief as the Court deems proper.

Dated:   October 2, 2018

Respectfully Submitted,
BWW Law Group, LLC

/s/ Hope Blocton
Hope Blocton, Esq.
MD Fed. Bar No. 20544
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD  20852
301-961-6555
301-961-6545 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion for Relief from Automatic Stay will be served electronically by the Court's CM/ECF system on the following:

Steven H. Greenfeld, Trustee
James C. Martin, Esq.

I hereby further certify that on this 2nd day of October, 2018, a copy of the foregoing Motion for Relief from Automatic Stay was also mailed first class mail, postage prepaid, to:

Comfort Kani Thompson
14938 Finegan Farm Drive
Germantown, MD 20874

/s/ Hope Blocton
Hope Blocton, Esq.

*BWW#:MD-107075*